## STATE *vs.* PATRICK SHEEHAN.

### FEBRUARY 13, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Lobster Fisheries.   Constitutional Law.*

In the absence of specific objections to Pub. Laws, cap. 969, "For the better protection of the lobster fisheries," the court can find nothing in article I, sections 10 and 14 of the constitution, which can be supposed to be violated by the provisions of the statute.

In a criminal complaint charging the defendant with having in possession lobsters in violation of Pub. Laws, cap. 969, the provision of the statute providing that proof of the fact shall be *prima facie* proof of the offence is not an infringement of any constitutional rights of the defendant.

(2)  *Criminal Law.   Motion to Dismiss.*

A motion to dismiss a criminal complaint on objection to the official status of the complainant comes too late after defendant has pleaded in bar to the complaint.

(3)  *Criminal Law.   Lobster Fisheries.   Charge to Jury.*

Upon a criminal complaint charging defendant with having in possession lobsters in violation of Pub. Laws, cap. 969, where the court had permitted defendant to explain his possession, a charge that if defendant, knowing that he had lobsters in his possession, with full opportunity to examine them, neglected to inform himself that they were under legal size, he might be found guilty, correctly states the law.

(4)  *Exception to Charge.*

An exception to a charge as a whole will not be considered.

CRIMINAL COMPLAINT.   Heard on defendant's exceptions and on constitutional question.   Exceptions overruled.

DOUGLAS, C. J.   This is a complaint charging the defendant with having had in his possession seventy-five short lobsters, in violation of Pub. Laws, cap. 969.

After being found guilty in the District Court, on his plea of not guilty, the defendant appealed to the Superior Court, where the jury found him guilty of having had sixty short lobsters in his possession.   Before sentence he moved to dismiss the complaint on the ground that the provisions of chapter 969 are void, being contrary to article I, sections 10 and 14, of the constitution of Rhode Island.   During the progress of the trial several exceptions were taken, which are now brought to this court in a bill of exceptions.

The constitutional question and the bill of exceptions were tried together, and are now before us for consideration.

The constitutional question is not stated with sufficient definiteness to enable us to ascertain what specific objection to the statute is intended to be relied upon.   We find nothing in the sections mentioned which can be supposed to be violated by the provisions of the statute.   The argument in support of this motion was addressed to the clause of the law which provides: "The possession of any such lobster, cooked or uncooked, not of the prescribed length shall be *prima facie* evidence to convict."   As the offence charged in this case was having in possession, it could be no infringement of the defendant's constitutional rights to enact that proof of the fact should be *prima facie* proof of the offence.   If the clause has any effect in a case like this one, it is only to emphasize the right of the defendant to introduce evidence to show that his possession was not with guilty knowledge, as he was admitted to do at the trial before the jury.

We can not see that any constitutional question properly arises in this case.

The first exception is that a witness was allowed to testify to facts, which are matters of public record, without producing such record.

The transcript shows that this objection, was expressly waived by the defendant rather than submit to an adjournment, that the record might be produced.

(2)     The second exception is taken to the refusal of the presiding justice to dismiss the complaint on the ground that the complainant had not given surety for costs and was not an officer authorized by law to bring such complaint without giving surety.

The motion to dismiss, grounded on the objection to the complainant's official status came too late. It should have been made before the defendant had pleaded in bar to the complaint. *State* v. *McCarty*, 4 R. I. 82.

The third exception is to the refusal of the court to the offer of the defendant to prove that lobsters which he had had in his possession on previous occasions were of lawful size. This evidence was obviously incompetent.

(3)     The fourth exception is to the refusal of the court to charge the jury that: "The possession of short lobsters is only *prima facie* evidence of guilt. The defendant can explain the possession, and if he did not know he had short lobsters in his possession, he is not guilty." The court had already allowed the defendant to introduce evidence explaining his possession of the lobsters in question, and had charged the jury to the effect that if the defendant, knowing that he had lobsters in his possession, and having full opportunity to examine them, neglected to inform himself that they were under legal size, he might be found guilty of the offence charged.

(4)     We think this instruction correctly stated the law as applicable to the case, and the request was properly refused.

The last exception was taken to the charge as a whole, and, as we have repeatedly held, can not be considered.

The exceptions are overruled, and the cause is remanded to the Superior Court for sentence.

*James C. Collins, Jr.*, Assistant Attorney-General, for State.
*Clark Burdick*, for defendant.