Albert B. Coop *vs.* Frederick H. Bishop Co. Inc.

APRIL 13, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Trial.   Misstatement of Evidence by Court.*
Any material misstatement of testimony is ground for exception.

*(2)   Exceptions.   Charge.*
In taking exception to a portion of a charge the language to which objection is made should be clearly pointed out in order that error may be corrected. A general exception which does not point out the portion of the charge to which objection is made will not be considered.

ASSUMPSIT.   Heard on exceptions of defendant and sustained.

RATHBUN, J.   This is an action in assumpsit to recover money alleged to be due as wages and commissions. The trial in the Superior Court resulted in a verdict for the plaintiff for $273.43. The case is before us on the defendant's exceptions to instructions to the jury.

On August 3, 1923, the parties entered into an agreement in accordance with which the defendant employed the plaintiff to sell and install oil burning equipment. The agreement provided that the plaintiff should receive as wages $40 per week, payable weekly, and a commission of 2% on total sales made by defendant, payable quarterly. For a period of about two months plaintiff worked and received $40 per week. In the early part of October of the same year defendant notified plaintiff that business con-

ditions did not warrant the payment of a commission of 2% on total business done; that no more commissions would be paid and that, if the employment was to continue, it would be necessary to make a new agreement relative to compensation. In the meantime the plaintiff had received no payment on account of commissions because, a quarter of a year not having elapsed, no commissions were due. The parties entered into a new agreement whereby the employment was continued and the plaintiff received $50 per week. It was agreed that the plaintiff should receive no commissions on sales made thereafter.

The whole dispute relates to the commissions which were earned previous to the new agreement. The plaintiff testified that on making the new agreement the defendant said that the sum due as commissions was about $400. Mr. Bishop testified that the amount of the commissions was never computed, but that at the time of the new agreement he made two propositions to the plaintiff as follows: " 'I will pay you $200 in cash and you can get through or I will pay you $100 when it is convenient, within a month or two, and from this out I will pay you $50 a week', showing him that the difference applied on anything due him and that nothing further would be paid unless he earned something for me." He further testified that the plaintiff accepted the second proposition and that on December 14, 1923, the plaintiff was paid by check the $100 which by the terms of the settlement agreement the plaintiff was entitled to receive. Said check contained on its margin the following notation: "By indorsement this check is accepted in full payment of the following account one half of total commissions." The plaintiff testified that while one half of the commissions due him amounted to $200 he accepted the check for $100 in satisfaction of one half of said commissions because he was hard pressed for money. When the employment was terminated the sum of $49.10 was due the plaintiff for wages. A check for this amount was delivered to him. He accepted and retained the check but refused to cash it

because of a notation on the margin to the effect that by indorsement the check is accepted in full payment.

The defendant contends that the trial justice in his instructions to the jury made material misstatements of testimony.

Said justice in summing up the testimony stated as follows: "If you believe Mr. Bishop's version of this contract, your verdict should be for $149.10, if you believe Mr. Coop's version, it should be for $249.10." Counsel for defendant interrupted the charge at this point with the following statement: "Mr. Bishop's testimony is that there is nothing owing." The justice replied: "You can have an exception if you please."

The substance of Mr. Bishop's testimony was that he owed the plaintiff nothing; that the plaintiff accepted the defendant's offer to adjust the commission account by paying $100 and employing the plaintiff at a higher weekly wage. A correct statement of the defendant's contention would have been that they owed the plaintiff nothing except $49.10, the balance of the last weekly wage earned, for which he held a check which he refused to cash.

Said justice misstated the testimony in a previous attempt to state the issue between the parties. He correctly stated the substance of Mr. Bishop's testimony, relative to the offer to settle the commission account as follows: "I will give you a check for $100 and a straight salary of $50 per week, now take it or leave it." The justice then continued: "He says that Coop took it. Then in the next month, he gives him this check for $100 which Coop takes, with this writing on it, that you have seen on it, and it was then that he consults an attorney and declines to·cash the check, and then it is that Bishop says that that is all. That he owes Coop this $49.10 and this $100, which he has already given him, which check can be cashed at any time ·if Coop sees fit."

The plaintiff did not refuse to cash the check for $100 but on the contrary cashed it on the day it was received. From

the above statement of testimony the jury would naturally infer that the plaintiff held two of the defendant's checks one for $49.10 and another for $100, and that Bishop admitted that the defendant owed the amount of these two checks. The jury were told that the check for $100 contained a notation to the effect that the check was given in payment for one half of said commissions. The jury might readily have believed that Bishop, at the time he drew the check, considered that an amount equal to the face of the check was still due the plaintiff on the commission account. It is reasonable to suppose that they arrived at the amount of their verdict, that is, $273.43, by adding interest to the sum of $100 plus $149.10, the amount which they assumed from the charge the defendant admitted to be due.

Any material misstatement of testimony is ground for exception. § (4640), G. L. 1923. The defendant clearly excepted to the misstatement to the effect that the check for $100 was not cashed. As to the other misstatement complained of, the defendant asked for no exception but the justice noted one. The objection, however, did not point out as clearly as might be desired the language to which objection was made. In taking exception to a portion of a charge, counsel should clearly point out the language to which objection is made in order that the justice may have an opportunity to reconsider that portion of the charge and correct any error into which he may have inadvertently fallen. A general exception which does not point out the portion of the charge to which objection is made will not be considered. *State* v. *Sheehan*, 28 R. I. 160. However, after considering the charge as a whole, we are of the opinion that the second misstatement of testimony, as above pointed out, constitutes reversible error.

The defendant's second exception is sustained and the case is remitted to the Superior Court for a new trial.

*Knauer & Fowler*, for plaintiff.
*Walling & Walling*, for defendant.